IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHY JO VANHOOSEAR, | |
| Plaintiff, | 8:22CV150 |
| vs. | |
| DR. KILOLO KIJAKAZI, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Plaintiff Kathy Jo Van Hoosear ("Plaintiff") seeks review of a decision by Defendant, Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration ("SSA"), denying her applications for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq., and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. Plaintiff argues the judge should have continued to step five in the disability determination process, and she asks the court to reverse and remand the decision denying disability benefits. (Filing No. 26). The defendant seeks affirmance of the decision, asserting that Plaintiff "had a fair hearing and full administrative consideration in accordance with applicable statutes, regulations, and case law, and substantial evidence on the record as a whole supports the Commissioner's decision." (Filing No. 30 at CM/ECF p. 7).

I. Procedural Background

On September 17, 2019, the claimant filed a Title II application for a period of disability and disability insurance benefits. (Filing No. 14-2 at CM/ECF p. 19) The claimant also protectively filed a Title XVI application for supplemental security income on September 17, 2019. In both applications, the claimant alleged disability beginning August 5, 2019. These claims were denied initially on May 26, 2020,

and upon reconsideration on November 12, 2020. Thereafter, the claimant filed a written request for hearing received on December 3, 2020 (20 CFR 404.929 et seq. and 416.1429 et seq.). On March 10, 2021, a telephone hearing was held before an Administrative Law Judge (ALJ). Plaintiff appeared and was represented by an attorney. Terri Crawford, an impartial vocational expert, also appeared.

On March 29, 2021, the ALJ issued a written decision denying Plaintiff's claims for benefits. (Filing No. 14-2 at CM/ECF pp. 19-31). Plaintiff timely filed her appeal in this court pursuant to 42 U.S.C. 405(g), on April 18, 2022. (Filing No. 1)

II.     The ALJ's Decision

The ALJ evaluated Van Hoosear's claim through the five-step evaluation process described in 20 CFR 404.1520(a) and 416.920(a) to determine whether Plaintiff was disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. As reflected in his decision, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since August 5, 2019, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; attention-deficit hyperactivity disorder ("ADHD"); anxiety disorder; depression (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR

    404.1567(b) and 416.967(b), except with an occasional ability to climb ramps, ladders, and scaffolds, ramps and stairs, and to kneel, stoop, crouch, and crawl. The claimant can frequently finger and handle with her bilateral upper extremities. She can have no concentrated exposure to extreme cold temperatures or vibration. The claimant is able to understand, follow and complete more than simple, but less than complex instructions and tasks.

6. The claimant is capable of performing past relevant work as a unit secretary, receptionist, and administrative clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 5, 2019, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

III.    Issues Raised for Judicial Review

Plaintiff states "The Judge stated that I can do past relevant work as I have only limited physical limitations and moderate mental limitations. For the reasons I will state below, I feel the judge should have continued on to the 5th step in the disability determination process." (Filing No. 26 at CM/ECF p. 1). She asserts:

> Every day is a challenge for me. Pain limits my ability to do any type of manual work. Standing for very long is painful and sitting is even worse. Since 2009, I have been terminated from four different types of office jobs due to my lack of focus, concentration and the fact that I tend to lash out at others when I do not agree.

(Id.).

IV.    The Record and Proceedings before the ALJ

Plaintiff was 49 years old on the alleged disability onset date with at least a high school education. She had past relevant work as a mortgage clerk, a dispatcher, a unit secretary, a receptionist, and an administrative clerk. (Filing No. 14-3 at CM/ECF p. 37). She claimed mental and physical conditions which limited

her ability to work including: 1) degenerative disc disease; 2) osteoporosis; 3) degenerative arthritis; 4) ADHD; 5) anxiety depression; 6) hyperlipidemia; 7) Hypothyroidism/Hashimoto's disease; 8) chronic rib, back and chest pain; and 9) hardware in her left hand from a slip and fall on ice in 2017. (Filing No. 14-5 at CM/ECF p. 2). Plaintiff testified at the hearing that she has muscle aches, back spasms, and joint pain, and she reported having difficulty bending and lifting anything heavy.

Plaintiff reported regularly seeing a chiropractor who used an activator on her, but the chiropractor did no manipulation due to Plaintiff's osteoporosis and osteoarthritis. She takes a pill once a week for osteoporosis, along with calcium and vitamin D supplements. (Filing No. 14-3 at CM/ECF pp. 17-18). Plaintiff testified she had been on a "pain contract" since 2009 for Percocet. She also took gabapentin for nerve pain on the left side of her body, as well as nortriptyline, both of which make her drowsy, so she took them at night. (Filing No. 14-3 at CM/ECF p. 13).

She testified that when she is not working, she performs household chores, plays games on her phone, watches television, and reads. She also cared for her two younger grandchildren, and she was able to transport them when needed. (Filing No. 14-2 at CM/ECF p. 26).

At the time of the hearing, she worked part-time in the deli at a grocery store, performing the tasks of baking and frying foods, ringing up orders, and serving customers. (Filing No. 14-3 at CM/ECF p. 9). She testified that when applying for jobs she informs potential employers that she has a degenerative spinal disease and that she cannot sit or stand for long periods of time. (Filing No. 14-3 at CM/ECF p. 23). Her immediate supervisor in the deli has authorized extra five-minute breaks as needed. (Filing No. 14-3 at CM/ECF p. 24). She reported becoming

easily frustrated and lashing out and sometimes having difficulty concentrating on the appropriate tasks. (Filing No. 14-3 at CM/ECF p. 27).

Medical Opinions and records were received from licensed Psychologist Matthew M. Hutt, Plaintiff's primary care physician, John Carrington, PA-C, and Regional West Medical Center. Plaintiff's representative argued that her back impairment met listing 1.04 and her mental impairments met listing 12.04, but the ALJ found little support for this argument in the medical evidence of record. The ALJ found Plaintiff's severe impairments did not meet or equal the criteria in the identified listings.

V.      Standard of Review

A denial of benefits by the commissioner is reviewed to determine whether it is supported by substantial evidence on the record as a whole. Hogan v. Apfel, 239 F.3d 958, 960 (8th Cir. 2001); Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008).

> If substantial evidence on the record as a whole supports the Commissioner's decision, it must be affirmed. Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Smith v. Barnhart, 435 F.3d 926, 930 (8th Cir. 2006) (quoting Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000)). "The ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002).

Schultz v. Astrue, 479 F.3d 979, 982 (8th Cir. 2007). Evidence that both supports and detracts from the Commissioner's decision must be considered, but the decision may not be reversed merely because substantial evidence supports a contrary outcome. Wildman v. Astrue, 596 F. 3d 959 (8th Cir. 2010). The court should not overturn an ALJ's decision so long as it is in the "zone of choice" even

if the court disagrees with the ALJ's conclusion. Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011). The court "defer[s] heavily to the findings and conclusions" of the Social Security Administration. Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010).

VI. Analysis

To establish that she is entitled to benefits, Plaintiff must show she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. (Filing No. 14-12 at CM/ECF p. 19). See 42 U.S.C. 423(d)(1)(A). Plaintiff claims the court should reverse the Commissioner's decision because the ALJ should have found that she is impaired at step four (i.e., she does not have the residual functional capacity to perform the requirements of her past relevant work), and therefore the ALJ should have continued to the fifth step of the disability determination process.

As the claimant, Plaintiff bears the burden of proof to establish her residual functional capacity. Despain v. Berryhill, 926 F. 3d 1024 (Eighth Cir. 2019). "[A] treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record.'" Prosch v. Apfel, 201 F.3d 1010, 1012–1013 (8th Cir.2000), quoting 20 C.F.R. § 404.1527(d)(2). The record must be evaluated as a whole to determine whether the treating physician's opinion should control. Tilley v. Astrue, 580 F.3d 675 (8th Cir. 2009). The ALJ may discount or disregard a treating physician's opinion if other medical assessments are

supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Hogan v. Apfel, 239 F.3d at 961 (8th Cir. 2001).

Plaintiff's brief summarizes the evidence cited in the ALJ's decision, and she offers further clarification of the facts from her perspective. In doing so, she notes that the ALJ found her treating physician's opinions were not persuasive. She then avers that she read Dr. Hutt's report and "found several statements to be untrue." (Filing No. 26 at CM/ECF p. 8). Specifically, "His statement that I reported to him I was unemployed and had been since 2009 is completely incorrect." (Filing No. 26 at CM/ECF p. 8). Her assessment of Dr. Hutt's report supports the ALJ's finding that Dr. Hutt offered opinions that were inconsistent with the record.[1]

Plaintiff asserts the Medical Source Statement completed by John Carrington, PA-C on November 11, 2020, should have been considered as Carrington was her doctor for more than 20 years. Carrington's opinion indicated Plaintiff could stand only 2 hours per day, could walk only 1 hour per day, and could sit only 1-2 hours a day due to chronic pain. (Filing No. 14-2 at CM/ECF pp. 28-29; Filing No. 15-4 at CM/ECF p. 134). The ALJ found this opinion greatly overstated the extent of Plaintiff's limitations and was inconsistent with Plaintiff's current work which required her to sit, stand, and walk more than Carrington's opinion would allow.

---

[1] The ALJ decision provides:
> Following his examination, Dr. Hutt indicated that the claimant would not have difficulty maintaining social functioning, but that she would not be able to sustain concentration or attention needed for task completion, could not understand, remember, or carry out short and simple instructions (Ex. 4F). This opinion is not persuasive, as it is inconsistent with Dr. Hutt's own examination, which did not indicate any significant attention, memory, or cognitive deficits (Ex. 4F). The claimant also was caring for her grandchildren at that time and, though she reported to Dr. Hutt that she had not worked at all since 2009 because of her symptoms, she was working at the time of the examination, which is inconsistent with Dr. Hutt's opinion that she could not carry out even short and simple tasks (Ex. 4F; hearing testimony).

(Filing No. 14-2 at CM/ECF p. 28).

The ALJ found the opinions of the state agency medical and psychological consultants to be persuasive, that the limitations they imposed were supported by the medical evidence of record, and the findings were consistent with Plaintiff's activities of daily living, including caring for grandchildren, performing household chores, and working part-time, despite her symptoms. In formulating a residual functional capacity finding, the ALJ considered the record as a whole, including objective medical evidence, examination findings, Plaintiff's treatment and response to treatment, medical opinions, Plaintiff's testimony, and Plaintiff's activities at work and at home. (Filing No. 14-2 at CM/ECF pp. 24-28).

The ALJ found the Plaintiff maintained the residual functional capacity to perform a range of light exertional work and could frequently finger and handle with her upper extremities and occasionally climb ramps, ladders, scaffolds, and stairs; occasionally kneel, stoop, crouch, and crawl; but she could have no concentrated exposure to extreme cold temperatures or vibration. (Filing No. 14-2 at CM/ECF pp. 27-28). The ALJ found that Plaintiff had the mental capacity to understand, follow, and complete more than simple, but less than complex instructions and tasks. (Filing No. 14-2 at CM/ECF p. 28). The ALJ found that Plaintiff was not disabled at step four because Plaintiff's residual functional capacity did not preclude the performance of her past relevant work.

The only issue Plaintiff raised in her brief is that she is unable to perform past relevant work and that the ALJ should have continued to the fifth step of the disability determination process. In response, Defendant argues that "Despite finding Plaintiff not disabled at step four, the ALJ made an alternative step five finding utilizing vocational expert testimony. Thus, the Court should dismiss Plaintiff's argument." (Filing No. 30 at CM/ECF p. 2, internal citations omitted). Essentially, Defendant argues that even if the ALJ had found that she was impaired at step four, and could not do past relevant work, the vocational expert testified

that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform considering her age, education, work experience, and residual functional capacity. So, the ALJ's ultimate determination of her disability status would have been the same.

The vocational expert testified that given all of these factors, a hypothetical individual with Plaintiff's limitations would be able to perform the requirements of representative occupations such as: 1) Office Helper; 2) Mail Clerk; and 3) Inspector, hand packager. Based on that testimony, the ALJ concluded that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

Upon review of the record as a whole, the court finds substantial evidence supporting the ALJ's decision.

Accordingly,

IT IS ORDERED:

1) The decision of the Commissioner of the Social Security Administration is affirmed.

2) Judgment in accordance with this memorandum and order will be entered by separate document.

Dated this 10th day of January, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge